[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14903
Non-Argument Calendar

_____

D. C. Docket No. 05-00119-CV-4

JONATHAN BENTON CLARK,

Plaintiff-Appellant,

versus

ST. JOSEPH/CANDLER HEALTH SYSTEMS,
THE MATTHEW REARDON CENTER ADVANCE ACADEMY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 4, 2007)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jonathan Benton Clark, pro se, appeals the district court's order granting summary judgment in favor of St. Joseph/Candler Health System, Inc. ("St. Joseph/Candler") and The Matthew Reardon Center, Inc. ("MRC") on Clark's sexual and racial harassment and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a) ("Title VII").

Clark was employed by MRC, which operates a non-profit school for neurologically impaired children. Throughout Clark's employment, St. Joseph/Candler provided MRC with space on one of its hospital campuses to operate the school. St. Joseph/Candler also provided payroll services to MRC and permitted MRC employees to participate in St. Joseph/Candler's employee benefits plans.

The district court granted summary judgment after it determined that MRC was not an "employer" as defined by 42 U.S.C. § 2000e(b), because it did not employ fifteen or more employees for twenty or more weeks in any year. Additionally, the district court ruled that MRC and St. Joseph/Candler could not be considered either a single, integrated employer or joint employers to satisfy the employee-numerosity requirement.

After review, we conclude that the district court properly granted summary

judgment to MRC and St. Joseph's/Candler. The undisputed evidence establishes that MRC did not employ fifteen or more employees for twenty or more weeks in a given year. See Llampallas v. Mimi-Circuits, Lab, Inc., 163 F.3d 1236, 1243 (11th Cir. 1998) (defining "employee" under Title VII as one who receives compensation from an employer). Furthermore, even construing the evidence in the light most favorable to Clark, a jury could not reasonably conclude that MRC and St. Joseph/Candler were "highly integrated with respect to ownership and operations" such that they could be counted as one employer. See Lyes v. City of Riviera Beach, 166 F.3d 1332, 1341 (11th Cir. 1999). Nor could a jury reasonably conclude that St. Joseph's/Candler retained sufficient control over the terms and conditions of Clark's employment such that MRC and St. Joseph's/Candler were Clark's joint employer. See Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359-60 (11th Cir. 1994). Because Clark failed to establish that his employer employed the threshold number of fifteen employees, the district court did not err in granting summary judgment.[1]

**AFFIRMED.**

---

[1]We also reject as meritless Clark's argument that the district court abused its discretion by consolidating Clark's Title VII harassment action with his Title VII retaliation action. See Wright v. Dougherty County, 358 F.3d 1352, 1354 (11th Cir. 2004).